IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM LARRY MOORE, #319 670, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-511-ECM-JTA |
| | ) | [WO] |
| GLENN McGRIFF, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by William Moore ("Moore"), an inmate confined at the Hamilton Aged and Infirm Facility in Hamilton, Alabama. Moore names as the defendant Glenn McGriff, Circuit Court Clerk for the Circuit Court of Chilton County, Alabama. Moore challenges the actions of Defendant McGriff who he complains failed to respond to his request for a fast and speedy trial. According to the complaint, law enforcement officials searched Moore's home on March 11, 2019, and located a weapon which resulted in the revocation of Moore's probation. Doc. 1 at 4–6. For relief, Moore requests $90,000 and reinstatement of his probation. Doc. 1 at 7.

Upon review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## II.   STANDARD OF REVIEW

Because Moore is proceeding *in forma pauperis* (Doc. 6), the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless."  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A review on this

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal*, 251 F.3d at 1348-49.

ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. And the court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Neitzke,* 490 U.S. at 328. Finally, a *pro se* litigant "is subject to the relevant law

3

and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III.    DISCUSSION

Moore files this action challenging McGriff's failure to respond to his request for a fast and speedy trial. Moore's complaint does not specify the capacity in which he sues McGriff. To the extent Moore sues McGriff in his official capacity, McGriff is the same as the Chilton County Circuit Clerk's Office. *See e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (finding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Alabama law specifically makes circuit court clerks' offices state agencies. *Ala. Code* § 12–17–80 (1975); *Stegmaier v. Trammell*, 597 F.2d 1027, 1037 (5th Cir. 1979). Thus, in his official capacity, McGriff is wholly immune from suit. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (holding that the State of Alabama has not waived its immunity to suit in § 1983 cases).

To the extent Moore sues McGriff in his individual capacity for allegedly failing to respond to his request for a fast and speedy trial, McGriff is entitled to judicial and quasi-judicial immunity. *See Mullis v. United States Bankruptcy Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (holding bankruptcy court clerks immune for failing to provide requested information and refusing to accept and file an amended bankruptcy petition). Quasi-judicial immunity extends to those servants and agents who facilitate the judicial process. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (holding that judicial immunity extends to clerks of the court for tasks which are judicial in nature and an integral part of the judicial process or for administrative functions undertaken pursuant to explicit direction of a judicial officer or pursuant to established practice of the court); *Jenkins v. Clerk of Court,* 150 F. App'x 988, 990 (11th Cir. 2005) (finding that a court clerk who acts under authority granted by state law and who acts on behalf of a court entitled to absolutely

immune from damages liability when sued under § 1983 because she is performing a judicial function).

The conduct alleged by Moore against McGriff falls within the scope of the Clerk of Court duties which are an integral part of the judicial process. It is inherent that "[c]ourt clerks enjoy a narrower ambit of immunity than judges." *Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008) (internal quotation marks and citation omitted). However, as explained, "[n]onjudicial officials have absolute immunity for their duties that are integrally related to the judicial process." *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983); *see also Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (holding that filing of documents by clerk is integral part of judicial process and protected by judicial immunity).

The action about which Moore complains stems from the asserted failure of the Circuit Court Clerk for Chilton County to respond to his request for a fast and speedy trial. Whether or not to respond to or file a motion for a fast and speedy trial falls within the parameter of matters integral to the judicial process and are not solely an administrative function. Because "[these] actions constitute[ ] an integral part of the judicial process [ ] [McGriff's] actions are protected by judicial immunity." *Erazo v. Macon-Bibb County Juvenile Court*, 2017 WL 1854687, *4 (M.D. Ga., May 8, 2017); *Essell v. Carter*, 450 F. App'x 691, 691 (9th Cir. 2011) (holding clerk of court immune from suit for failing to respond to *pro se* plaintiff's letters and failing to file various motions and appeals); *In re Castillo*, 297 F.3d 940, 951 (9th Cir. 2002) (holding clerk of court is immune from suit for failure to give notice of hearing); *Maldonado v. Superior Court*, 2013 WL 635951, at *3 (E.D. Cal,. Feb. 20, 2013) (finding clerk immune for failing to take action on plaintiff's complaints and habeas corpus petition). Further, even if the actions about which Moore

5

complains constitute negligence, a claim of negligence is not cognizable in a § 1983 action. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Based on the foregoing, Moore's complaint against Defendant McGriff is due to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii & iii).[2]

## IV.    CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. Plaintiff's complaint be DISMISED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii & iii);

2. The complaint be DISMISSED prior to service of process.

**On or before January 25, 2021**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders,*

---

[2] Notably, Moore requests re-instatement on probation, however, a § 1983 complaint is not an appropriate remedy for obtaining such relief. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

*Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of January, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE